1  Luis A. Carrillo, Esq. (SBN 70398)
2  Michael S. Carrillo, Esq. (SBN 258878)
   CARRILLO LAW FIRM, LLP
3  1499 Huntington Drive, Suite No. 402
   South Pasadena, California 91030
4  Tel: (626) 799-9375/Fax: (626) 799-9380
5
6  Attorneys for Plaintiff
7
8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10
11 TODD D'BRAUNSTEIN,                    Case No.: 8:19-cv-01553-JVS-KES
12              Plaintiff,                FIRST AMENDED COMPLAINT
                                          FOR DAMAGES
13     vs.
                                          1.  Unreasonable Search and
14 STATE OF CALIFORNIA;                       Seizure (42 U.S.C. §1983);
   CALIFORNIA HIGHWAY PATROL;            2.  Denial of Necessary Medical
15 CALIFORNIA HIGHWAY PATROL                  Care (42 U.S.C. §1983);
16 OFFICER SAMANTHA DIAZ                  3.  Failure to Summon Medical Aid
   DURAZO; and DOES 1-10, inclusive,         (Cal. Gov. Code § 845.6)
17                                        4.  Negligence; and
18              Defendants.               5.  False Imprisonment.
19
20                                        [DEMAND FOR JURY TRIAL]
21
                                 I. INTRODUCTION
22
23     1.     This civil rights case concerns the violation of constitutional rights of
24 Steven D'Braunstein ("D'Braunstein") a 56 year-old male, who was unlawfully
25 arrested and detained by California Highway Patrol ("CHP") officer Samantha Diaz
26 Durazo, all while Mr. D'Braunstein suffered a stroke. Steven D'Braunstein, who is
27 mentally incompetent, was substituted as the Plaintiff by Todd D'Braunstein
28 ("Plaintiff"), his conservator, due to his mental incompetency and inability to
   proceed in his individual capacity in this matter.  Plaintiff brings claims and seeks

1  damages under state and federal constitutional, statutory, and common law. Plaintiff
2  also seeks costs and reasonable attorneys' fees.

3

4              **II. <u>VENUE AND JURISDICTION</u>**

5     2.  This civil action is brought to redress violations of the laws of the State of
6  California and the Fourth and Fourteenth Amendments of the United States
7  Constitution as protected by 42 U.S.C. §§ 1983 and 1988.  Jurisdiction is founded
8  on 28 U.S.C. §§ 1331, 1343, 42 U.S.C. § 1983, and this Court has supplemental
9  jurisdiction over Plaintiff's state claims. Venue is proper in this Court under
10 28 U.S.C. § 1391(b) because Defendants reside in and all incidents, events, and
11 occurrences giving rise to this action occurred in Orange County, State of
12 California, which is located in this Central District of California.

13             **III. <u>PARTIES</u>**

14    3.      At all times herein mentioned, Steven D'Braunstein, was and is
15 currently, a person within the jurisdiction of the United States, and resides in the
16 County of San Bernardino, and State of California.

17    4.      At all times herein mentioned, Plaintiff Todd D'Braunstein, was and is
18 currently, a person within the jurisdiction of the United States, and resides in the
19 County of San Bernardino, and State of California.

20    5.      Plaintiff is informed and believes and on that basis alleges that
21 California Highway Patrol ("CHP") Officer Samantha Diaz Durazo ("Defendant" or
22 "Officer Durazo"), sued here in her individual and official capacities, is a resident of
23 California who at all times mentioned was and is employed by the California
24 Highway Patrol. Plaintiff is informed and believes and on that basis alleges that
25 Officer Durazo was involved in the traffic stop of Steven D'Braunstein. All of
26 Officer Durazo's actions, while working as an officer of the CHP, were in the course
27 and scope of her employment and under color of law, under the laws of the State of
28 California.

6.      Plaintiff is informed and believes and thereon alleges, that Doe Defendants 1-10, are officers, officials and/or supervisory officers of the CHP and were at all times acting in the course and scope of their employment, and under color of law, under the laws of the State of California. Plaintiff is informed and believes and thereon alleges that each of Doe Defendants 1-10 directly, as integral participants, or because they failed to intervene to prevent the harm to Steven D'Braunstein, were involved in the matters hereinafter allege resulting in injuries and damages to Plaintiff.

7.      Plaintiff is unaware of the true names and identities, whether individual, corporate, associate, or otherwise of Defendants DOES 1 through 10, inclusive, and each of them, who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave of this court to amend this complaint to insert the true names and identities of said Defendants when same is ascertained Plaintiff is informed and believes that each Defendant sued herein, including DOES 1-10, inclusive, were responsible, either negligently, intentionally, or in some other actionable manner, for the events and happenings referred to herein which proximately caused damages to Plaintiff as hereinafter alleged.

8.      Plaintiff is informed and believes and there on alleges that at all relevant times each Defendant was the agent and/or employee of each of the remaining Defendants, and in doing the things herein alleged was acting within the course and scope of his or her employment and/or agency. With respect to Does Defendants 1-10, each Defendant was acting within the course and scope of employment and under color of law. Each of the Defendants caused, and is responsible for, the event and conduct described herein by being an integral participant or by failing to intervene. Each Defendant is responsible or was a substantial factor in causing Plaintiff's injuries by personally participating in the events and conduct herein alleged; acting jointly and in concert with others who did so; authorizing, acquiescing or failing to take action to prevent herein alleged

conduct; promulgating policies and procedures pursuant to which the alleged conduct occurred; failing and refusing, with deliberate indifference, to implement and maintain adequate training and supervision; and/or by ratifying the alleged conduct.

9.     All of the Defendants, Durazo and Does 1-10, and each of them, who are agents or employees of the California Highway Patrol, are sued both in their individual and official capacities.

## IV. FACTS COMMON TO ALL CLAIMS

10.     Plaintiff repeats and alleges each and every allegation above of this Complaint with the same force and effect as if fully set forth herein.

11.     On June 1, 2018 Steven D'Braunstein was involved in an auto accident and was placed under arrest due to Mr. D'Braunstein's inability to respond to investigating officer Durazo because Mr. D'Braunstein had suffered a debilitating stroke. Durazo erroneously believed Mr. D'Braunstein to be under the influence of drugs. Despite a clean breathalyzer exam and symptoms of cerebrovascular accident, commonly referred to as a stroke, Mr. D'Braunstein was excessively detained in excess of five and one-half hours before being provided any medical attention. Mr. D'Braunstein was detained in excess of five and one-half hours and was not provided any medical attention in spite of the fact that Mr. D'Braunstein was suffering from a stroke and required immediate medical attention. The excess detention, and failure to provide any medical attention, caused irreversible brain damage to Mr. D'Braunstein.  Defendants Durazo and Does 1-10 failed to recognize the signs of Mr. D'Braunstein's serious medical needs, and Defendants were deliberately indifferent to Mr. D'Braunstein's serious medical needs because Mr. D'Braunstein had obvious signs of medical distress, and Mr. D'Braunstein had obvious physical impairments:

a.     trouble walking;

b.     trouble speaking;

c.      difficulty speaking and understanding; and/or

d.      paralysis or numbness to the face, arm, or leg.

12.    The failure by Defendants Durazo and DOES 1-10, to provide or obtain medical care for Mr. D'Braunstein was the proximate cause of Mr. D'Braunstein's devastating injuries. Mr. D'Braunstein received no medical treatment for the stroke he was suffering from. Defendants Durazo and DOES 1-10 failed to detect the observable signs of Mr. D'Braunstein's medical emergency and thus failed to summon necessary medical attention.  Defendants Durazo and DOES 1-10 failed to obtain or provide Mr. D'Braunstein with any medical care, despite his acute need, pursuant to, and consistent with, a pattern and practice of failing to provide adequate medical care, such as any competent medical evaluation or screening, to address the potentially fatal symptoms. Defendants Durazo and Does 1-10 additionally failed to conduct any health screening, failed to properly evaluate Mr. D'Braunstein, and failed to immediately summon medical staff to diagnose, and/or treat Mr. D'Braunstein, and failed to timely and appropriately respond to Mr. D'Braunstein's obvious signs of medical distress during the entirety of the time that he was placed under arrest by Defendants Durazo and Does 1-10. Mr. D'Braunstein finally received medical attention after an extended period of time and after having been denied by jail staff when Defendants Durazo and DOES 1-10 tried to book Mr. D'Braunstein.  However, by that time, Mr. D'Braunstein had suffered irreversible brain damage.

13.    From the moment that the Defendants Durazo and DOES 1-10 stopped and detained Mr. D'Braunstein, Defendants Durazo and DOES 1-10 had the legal responsibility for the care and custody of Mr. D'Braunstein. Defendants Durazo and DOES 1-10 had those duties under federal and state laws and regulations, as well as under common law, designed for the protection and benefit of persons such as Mr. D'Braunstein to summon and provide adequate medical care for serious medical

1  needs, such as the stroke that Mr. D'Braunstein suffered when he was detained by

2  Defendants Durazo and DOES 1-10.

3          14.      On or about November 19, 2018, Mr. D'Braunstein presented his claim

4  to California Department of General Services by mailing a written claim to the clerk

5  for the injuries, disability, losses, and damages suffered and incurred by them

6  respectively by reason of the aforementioned described occurrence, all in

7  compliance with the requirements of Section 905 of the Government Code.

8          15.      On or about December 7, 2018, the California Department of General

9  Services rejected the written claim in its entirety.

10          16.      Plaintiff alleges that this complaint was filed within the statutory

11  requirements as mandated by California law for claims against governmental entities

12  and agents.

13                          **FIRST CLAIM FOR RELIEF**

14  **Unreasonable Search and Seizure - Unlawful Seizure of Mr. D'Braunstein**

15                **Fourth and Fourteenth Amendment - 42 U.S.C. § 1983**

16                **(By Plaintiff against Defendants Durazo and Does 1-10)**

17          17.      Plaintiff repeats and re-alleges each and every of the foregoing

18  allegations above with the same force and effect as if fully set forth herein.

19          18.      The Fourth Amendment to the United States Constitution, as applied to

20  state actors by the Fourteenth Amendment, provides the right of every person to be

21  free from unreasonable search and seizure of their person including Mr.

22  D'Braunstein herein.

23          19.      At all relevant times hereto, an in performance of the acts set forth

24  herein, Defendants Durazo and Does 1 through 10 acted under color of state law.

25          20.      At all times relevant hereto, and in performance of the acts set forth

26  herein, Defendants Durazo and DOES 1-10 actively and personally caused the

27

28

1 | violations of constitutional, and/or failed to intervene to prevent a violation of
2 | constitutional rights alleged herein.

3 |   21.   After Defendant Durazo made contact with Mr. D'Braunstein,
4 | Defendants Durazo and DOES 1-10 unlawfully seized and arrested Mr.
5 | D'Braunstein, who was not under the influence of alcohol or any controlled
6 | substance. Defendants Durazo and DOES 1-10 intentionally and/or negligently did
7 | not note the obvious signs of acute medical distress that Mr. D'Braunstein was
8 | suffering from, such as the stroke that Mr. D'Braunstein suffered, and Defendants
9 | Durazo and DOES 1-10 unlawfully arrested Mr. D'Braunstein without probable
10 | cause or reasonable suspicion of a crime.

11 |   22.   In seizing Mr. D'Braunstein by arresting him without any legal
12 | justification, Defendants Durazo and Does 1 through 10, unreasonably seized Mr.
13 | D'Braunstein, in violation of Mr. D'Braunstein's right to be free from unreasonable
14 | seizure of his person under the Fourth Amendment, through the Fourteenth
15 | Amendment.

16 |   23.   Moreover, the arrest and seizure of Mr. D'Braunstein by Defendants
17 | Durazo and DOES 1-10 was not objectively reasonable in light of Mr.
18 | D'Braunstein's severe need for medical attention that was ignored by Defendants
19 | Durazo and Does 1 through 10. The acts of Defendants Durazo and DOES 1-10
20 | violated Mr. D'Braunstein's right to be free from such an unlawful and unreasonable
21 | seizure of his person.

22 |   24.   As a result, Mr. D'Braunstein suffered irreversible brain damage and
23 | also extreme pain and suffering due to the prolonged effects of a stroke.

24 |   25.   Defendants Durazo and DOES 1-10 are liable for Mr. D'Braunstein's
25 | injuries because they were an integral participant and/or because they failed to
26 | intervene to prevent the violations of Mr. D'Braunstein's rights.

27

28

26.     The conduct of Defendants Durazo and DOES 1-10 was excessive, unreasonable, willful, wanton, malicious, and done with reckless disregard and deliberate indifference for the rights and safety of Mr. D'Braunstein and therefore warrants the imposition of exemplary damages against Defendants Durazo and Does 1 through 10.

27.     Plaintiff also seeks costs, interest, and attorney's fees under this claim.

## SECOND CLAIM FOR RELIEF

### Denial of Necessary Medical Care

### Eighth, Fourth, and Fourteenth Amendment - 42 U.S.C. § 1983

### (By Plaintiff against Defendants Durazo and Does 1-10)

28.     Plaintiff repeats and re-alleges each and every of the foregoing allegations above with the same force and effect as if fully set forth herein.

29.     All Defendants, and Defendants Durazo and DOES 1-10 are obligated under the Eighth Amendment, through the Fourteenth Amendment, to provide persons in custody with adequate medical care. Plaintiff is alleging that Mr. D'Braunstein suffered a violation of his constitutional rights under the Eighth Amendment of inadequate medical care because all Defendants, and Defendants Durazo and Does 1 through 10, treated Mr. D'Braunstein with deliberate indifference to Mr. D'Braunstein's serious medical needs.

30.     All Defendants, and Defendants Durazo and Does 1 through 10, demonstrated deliberate indifference to Mr. D'Braunstein's serious medical needs because the Defendants recklessly disregarded a substantial risk of harm to Mr. D'Braunstein. All the Defendants knew that Mr. D'Braunstein had obvious signs of medical distress, and Mr. D'Braunstein had obvious physical impairments, such as, trouble walking, trouble speaking, difficulty speaking and understanding, and/or paralysis or numbness to the face, arm, or leg. All the Defendants were deliberately

indifferent to Mr. D'Braunstein's serious medical needs and the Defendants disregarded an excessive risk of harm to Mr. D'Braunstein by not providing medical care to Mr. D'Braunstein.

31.    The Fourth Amendment to the U.S. Constitution, through the Fourteenth Amendment, protects the rights of arrestees and detainees to adequate medical care and to be free from punishment prior to conviction.  At the time of the incident, Defendants and each of them detained and/or arrested Mr. D'Braunstein while he was suffering from a medical emergency.

32.    Mr. D'Braunstein suffered from a stroke and was in a state of acute medical distress due to the stroke he was suffering while he was in the custody and care of the Defendants.  Mr. D'Braunstein had observable signs of medical distress and Defendants, Durazo and Does 1-10, had actual and constructive knowledge of Mr. D'Braunstein's medical needs either based on their observable signs of medical distress or based on information given by Mr. D'Braunstein.

33.    Despite the fact that Mr. D'Braunstein was involved in an auto accident and exhibited signs of medical distress, he did not receive any medical treatment. Further, Mr. D'Braunstein did not receive any competent medical evaluation or ongoing medical evaluations, regular and thorough checks, proper medications to counteract the potentially fatal and damaging symptoms of the stroke, or hospitalization.

34.    Defendants violated Mr. D'Braunstein's right to adequate medical care by intentionally and/or negligently failing to recognize that Mr. D'Braunstein was in medical distress; intentionally and/or negligently failing to summon immediate medical attention for Mr. D'Braunstein while he was in dire medical distress; intentionally and/or negligently failing to immediately take Mr. D'Braunstein to the hospital; detaining and then arresting Mr. D'Braunstein when no crime had been committed; keeping Mr. D'Braunstein detained for an extensive period of time while

Mr. D'Braunstein was suffering from medical distress as a result of a stroke; failing to properly medically evaluate him upon booking him; failing to provide adequate medical care after he had been arrested and booked; failing to timely provide and summon medical aid when he was in a state of medical distress.

35.     The intentional denial of medical care by all Defendants, and the deliberate indifference to Mr. D'Braunstein's serious medical needs by all Defendants, and Defendants Durazo and Does 1 through 10, violated Mr. D'Braunstein's constitutional rights.

36.     As a result, Mr. D'Braunstein suffered irreparable brain injury, extreme pain and suffering, and his ability to provide for himself and care for himself.

37.     All Defendants, including Durazo and Does 1-10 are liable for Mr. D'Braunstein's injuries because they were integral participants and/or because they failed to intervene to prevent the violations of Mr. D'Braunstein's rights.

38.     The conduct of Defendants Durazo and Does 1 through 10, medical services staff, was unreasonable, willful, wanton, malicious, and done with reckless disregard and deliberate indifference for the rights and safety of Mr. D'Braunstein and therefore warrants the imposition of exemplary damages against Defendants Durazo and Does 1 through 10.

39.     Plaintiff also seeks costs, interest, and attorney's fees under this claim.

## THIRD CLAIM FOR RELIEF

### Failure to Summon Medical Aid under Cal. Govt. Code § 845.6

### (By Plaintiff against Defendants Durazo and Does 1 through 10)

40.     Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

41.     Under California Government Code §845.6 all Defendants, including Durazo and Does 1-10, can be held liable for their failure to summon immediate medical care for Mr. D'Braunstein where Defendants knew, or should have known, that Mr. D'Braunstein was in need of immediate medical care. This duty includes treatment and the need for immediate medical care more than once, in relation to an ongoing, acute serious medical condition such as that which Mr. D'Braunstein suffered herein.

42.     Defendants Durazo and DOES 1-10:

   a. Were acting within the scope of their employment within the California Highway Patrol during the detention of Mr. D'Braunstein;

   b. Defendants knew or should have known that Mr. D'Braunstein was in need of immediate medical care when he did not exhibit signs of being under the influence of alcohol or drugs and when Mr. D'Braunstein showed acute signs of medical distress while suffering a stroke; that Mr. D'Braunstein had obvious signs of medical distress;

   c. Defendants knew or should have known that Mr. D'Braunstein had obvious physical impairments, such as, trouble walking, trouble speaking, difficulty speaking and understanding, and/or paralysis or numbness to the face, arm, or leg.; and,

   d. Defendants failed to take reasonable action to summon medical care at any time from the moment that Defendants Durazo and DOES 1-10 came into contact with Mr. D'Braunstein while he was suffering from a medical emergency.

43.     Mr. D'Braunstein herein underwent a variety of Field Sobriety Tests and other tests to determine his impairment yet Defendants Durazo and DOES 1-10 failed to conduct any health screenings, failed to summon immediate medical care, and/or failed to timely and appropriately respond to Mr. D'Braunstein's obvious

signs of medical distress during the entirety of the time that he was placed under arrest by Defendants Durazo and DOES 1-10.

44.    The breach of Defendants Durazo and Does 1 through 10's duty to take reasonable action to summon medical care proximately caused the harm to Mr. D'Braunstein including, but not limited to, irreversible brain damage as a result of the failure to procure any timely medical aid.

45.    As a direct and proximate result of Defendants' conduct as alleged above, and other negligent conduct, Mr. D'Braunstein was rendered disabled, and has suffered severe and permanent injuries to his body and mind, all to his general damages in an amount to prove at time of trial.

46.    Further, as a result of Defendants' negligent conduct as alleged above, Plaintiff has incurred medical expenses for treatment of Mr. D'Braunstein's injuries as herein alleged in an amount to be proven at trial; and Plaintiff anticipates that he will incur additional medical expenses in the future which are direct and proximate result of the acts of Defendants, as herein above alleged, in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF

### Negligence

### Cal. Govt. Code § 820 and California Common Law

### (By Plaintiff against Defendants Durazo and Does 1-10)

47.    Plaintiff repeats and re-alleges each and every of the foregoing allegations with the same force and effect as if fully set forth herein.

48.    The actions and inactions of the Defendants, and each of them were negligent, including but not limited to:

      a. the failure to properly screen and assess probable medical emergencies requiring referral of citizens taken into custody for medical care;

b.  the failure to properly and adequately assess the medical needs of Mr. D'Braunstein;

c.  the negligent tactics and handling of the situation with Mr. D'Braunstein, including failing to assess Mr. D'Braunstein's medical condition, i.e. suffering from stroke; and,

d.  the failure to provide or summon prompt medical care for Mr. D'Braunstein.

49.    As a direct and proximate result of Defendants' negligent conduct as alleged above, and other negligent conduct, Mr. D'Braunstein has been rendered permanently disabled, including irreversible brain damage, all to his general damages in an amount to prove at time of trial.

50.    Further, as a result of Defendants' negligent conduct as alleged above, Plaintiff has incurred medical expenses for treatment of Mr. D'Braunstein's injuries as herein alleged in an amount to be proven at trial. Plaintiff anticipates that he will incur additional medical expenses in the future which are direct and proximate result of the acts of Defendants, as herein above alleged, in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF

### False Imprisonment

### (By Plaintiff against Defendants Officer Durazo and Does 1-10)

47.    Plaintiff repeats and re-alleges each and every of the foregoing allegations with the same force and effect as if fully set forth herein.

48.    Defendant Officers Durazo and Does 1-10, acting under color of state law and in the course and scope of their employment, intentionally arrested and detained Mr. D'Braunstein without probable cause.

49.    Defendants Durazo and DOES 1-10 improperly arrested Mr. D'Braunstein without conducting a proper medical screening or evaluation and without any legitimate penal interest.

10.    Said conduct was a substantial factor in causing harm to Mr. D'Braunstein.

51.    Said conduct was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Mr. D'Braunstein entitling Mr. D'Braunstein to an award of exemplary and punitive damages against Defendants Durazo and Does 1 through 10.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

## **<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Plaintiff prays for judgment against the Defendants as follows:

1. Compensatory general, economic, and special damages in an amount in accordance to proof;

2. For non-economic damages;

3.  Exemplary damages against Defendants Durazo and DOES 1-10 for the sake of example and by way of punishing said Defendants Durazo and DOES 1-10 for their willful acts of reckless disregard, malice, and/or oppression.

4. For medical and related expenses according to proof;

5. For loss of earnings and earning capacity according to proof;

6. Reasonable attorneys' fees and expenses of litigation, including those fees permitted by 42 U.S.C. §1988 and C.C.P. § 1021.5.

7. Costs of suit necessarily incurred herein;

8. Interest; and

9. Such further relief as the Court deems just or proper.

DATED: January 23, 2020          CARRILLO LAW FIRM, LLP


By:_____/s/_____
       Michael S. Carrillo
       Attorney for Plaintiff

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED: January 23, 2020          CARRILLO LAW FIRM, LLP


By_____/s/_____
     Michael S. Carrillo
     Attorney for Plaintiff